1  C.P. Bartholomew (State Bar No. 211425)
   Email: cbartholomew@finkelsteinthompson.com
2  FINKELSTEIN THOMPSON LLP
   601 Montgomery Street, Suite 665
3  San Francisco, California 94111
   Telephone: (415) 398-8700
4  Facsimile: (415) 398-8704
   *Attorneys for Plaintiff*
5

6  [Additional Attorneys on Signature Page]

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12  RYAN SKORSTAD, on behalf of himself       Case No. C 07 2228
    and all others similarly situated,
13                                            **CLASS ACTION**

14              Plaintiff,                    **COMPLAINT FOR VIOLATIONS OF:**

15      vs.                                   (1) **The Sherman Antitrust Act (15
                                                  U.S.C. § 1);**
16  SAMSUNG ELECTRONICS CO., LTD.;            (2) **Cartwright Act (Cal. Bus. & Prof.
    SAMSUNG SEMICONDUCTOR, INC.;                  Code § 016720);**
17  HYNIX SEMICONDUCTOR, INC.;                (3) **California's Unfair Competition
    MICRON SEMICONDUCTOR                          Law (Cal Bus. & Prof. Code §§
18  PRODUCTS, INC.; LEXAR MEDIA, INC.;            17200 *et seq.*);**
    RENESAS TECHNOLOGY                        (4) **State Consumer Protection and
19  CORPORATION; TOSHIBA AMERICA                  Unfair Competition Laws; and**
    CORPORATION; TOSHIBA AMERICA             (5) **Unjust Enrichment**
20  ELECTRONIC COMPONENTS, INC.;
    HITACHI, LTD.; HITACHI AMERICA,
21  LTD.; HITACHI ELECTRONIC DEVISES         **JURY TRIAL DEMANDED**
    (USA), INC.; MITSUBISHI ELECTRONIC
22  CORPORATION; MITSUBISHI
    ELECTRIC & ELECTRONICS USA, INC.;
23  MOSEL VITELIC CORPRATION; MOSEL
    VITELIC CORPORATION (USA);
24  WINBOND ELECTRONICS
    CORPORATION; AND WINBOND
25  ELECTRONICS CORPORATION
    AMERICA;
26
                Defendants.
27

28

Plaintiff, by his attorneys, brings this civil action for damages and injunctive relief on behalf of himself and others similarly situated against the above named Defendants, and demanding a trial by jury, complains and alleges as follows:

### JURISDICTION AND VENUE

1.     This Complaint is filed and these proceedings are instituted under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief under federal antitrust laws and to recover treble damages and the cost of suit, including reasonable attorneys' fees under state antitrust and consumer protection laws and restitution under common law, against Defendants for the injuries Plaintiff and members of the Class sustained by means of Defendants' misconduct.

2.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1337, and by the Clayton Act, 15 U.S.C. §§ 15(a) and 27. The Court also has diversity jurisdiction over this class action pursuant to the Class Action Fairness Act of 2006, which *inter alia*, amends 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, any member of a class of plaintiffs is a citizen of a state different from any defendant and the aggregated amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2) and (6).

3.     The interstate commerce described in this Complaint is carried on, in part, within this District. Venue is proper in this District pursuant to the provisions of 15 U.S.C. § 22 and 28 U.S.C. § 1391. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367 and 1332.

### DEFINITIONS

4.     As used herein, the term Flash Memory ("Flash Memory") means NAND Flash Memory sold during the class period. For purposes of this Complaint, Flash Memory excludes all types of static random access memory ("SRAM") or dynamic random access memory ("DRAM") sold during the Class Period.

5.     As used herein, the term "Class Period" means the time period January 1, 1999 through the present.

CLASS ACTION COMPLAINT

**THE PARTIES**

**A.    Plaintiff**

6.    Ryan Skorstad, a Colorado resident, indirectly purchased Flash Memory from one or more of the Defendants during the Class Period, for end use and not for resale, and was injured as a result of Defendants' illegal conduct.

**B.    Defendants**

7.    Samsung Electronics Co. Ltd. is a business entity organized under the laws of South Korea, with its principle place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea.  During the time period covered by this Complaint, Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed Flash Memory to customers throughout the United States.

8.    Samsung Semiconductor, Inc. is wholly owned and controlled subsidiary of Defendant Samsung Electronics Co. Ltd. with its principle place of business at 3655 North First Street, San Jose, California 95134.  During the time period covered by this Complaint, Defendant Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United States.  Samsung Electronics Co. Ltd., and Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung".

9.    Hynix Semiconductor, Inc. is a business entity organized under the laws of South Korea, with its principle place of business as SAN 136-1, Ami-Ri Bubal-eub, Ichon-si, Kyongki-do, Korea.  During the time period covered by this Complaint, Defendant Hynix Semiconductor, Inc. manufactured, sold and distributed Flash Memory to customers throughout the United States.

10.    Hynix Semiconductor America, Inc is a wholly owned and controlled subsidiary of defendant Hynix Semiconductor, Inc. with its principle place of business at 3101 North First Street, San Jose, California 95134.  During the time period covered by this Complaint, Defendant Hynix Semiconductor America, Inc. sold and distributed Flash Memory to customers throughout the United States.  Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix".

CLASS ACTION COMPLAINT

1    11.    Micron Technology, Inc. is a Delaware Corporation with its principal place of

2    business at 8000 South Federal Way, Boise, Idaho 83716.  During the time period covered by this

3    Complaint, Defendant Micron Technology, Inc. manufactured, sold and distributed Flash Memory

4    to customers throughout the United States.

5    12.    Micron Semiconductor Products, Inc. is a wholly owned and controlled subsidiary

6    of Defendant Micron Technology, Inc. with its principle place of business at 8000 South Federal

7    Way, Boise Idaho 83716.  During the time period covered by this Complaint, Defendant Micron

8    Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout the

9    United States.

10    13.    Lexar Media, Inc. was acquired by Micron Technology, Inc. in or about June 2006.

11    Lexar Media, Inc., has its principal place of business at 47300 Bayside Parkway, Fremont,

12    California 94538.  During the time period covered by this Complaint, Defendant Lexar Media,

13    Inc. sold and distributed Flash Memory to customers throughout the United States.  Lexar Media,

14    Inc., Micron Technology, Inc., and Micron Semiconductor Products, Inc. are referred to

15    collectively herein as "Micron".

16    14.    Renesas Technology Corporation is a business entity organized under the laws of

17    Japan with its principal place of business at Marunouchi Building, 4-1, Marunouchi 2-chome,

18    Chiyoda-ku Tokyo 100-6334, Japan.  Renesas Technology Corporation was established on or

19    about April 1, 2003 as a joint venture of Hitachi and Mitsubishi.  During the time period covered

20    by this Complaint, Defendant Renesas Technology Corporation sold and distributed Flash

21    Memory to customers throughout the United States.

22    15.    Renesas Technology America, Inc. is a wholly owned and controlled subsidiary of

23    Renesas Technology Corporation with its principal place of business at 450 Holger Way, San

24    Jose, CA, 95134-1368.  During the time period covered by this Complaint, Defendant Renesas

25    Technology America, Inc. sold and distributed Flash Memory to customers throughout the United

26    States.  Defendants Renesas Technology Corporation and Renesas Technology America, Inc. are

27    referred to collectively herein as "Renesas".

28

CLASS ACTION COMPLAINT

1    16.    Toshiba Corporation is a business entity organized under the laws of Japan, having

2    its principle place of business at 1-1, Shibaura 1-chome, Mnato-ku, Tokyo 105-Japan. During the

3    time period covered by this Complaint, Defendant Toshiba Corporation manufactured, sold and

4    distributed Flash Memory to customers throughout the United States.

5    17.    Toshiba America Corporation is a wholly owned and controlled subsidiary of

6    Toshiba Corporation with its principal place of business at 1251 Avenue of the Americas, Suite

7    4110, New York, New York, 10020. During the time period covered by this Complaint,

8    Defendant Toshiba America Corporation manufactured, sold and distributed Flash Memory to

9    customers throughout the United States.

10    18.    Toshiba America Electronic Components, Inc. is a wholly owned subsidiary of

11    Toshiba Corporation with its principal place of business located at 19900 MacArthur Boulevard,

12    Suite 400, Irvine, California 92612. During the time covered by this Complaint, Defendant

13    Toshiba America Electronic Components, Inc. sold and distributed Flash memory to customers

14    throughout the United States. Toshiba Corporation, Toshiba America Corporation, and Toshiba

15    America Electronic Components, Inc. are referred to collectively herein as "Toshiba".

16    19.    Hitachi Ltd. is a business entity organized under the laws of Japan, with its

17    principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku, Tokyo, 100-8220,

18    Japan. During the Class Period, Hitachi, Ltd. sold and distributed Flash Memory to customers

19    throughout the United States.

20    20.    Hitachi America, Ltd. is a wholly owned and controlled subsidiary of defendant

21    Hitachi, Ltd. Hitachi America, Ltd. is a business entity organized under the laws of New York,

22    with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591. During

23    the Class Period, Hitachi America, Ltd. sold and distributed Flash Memory to customers

24    throughout the United States.

25                          **CO-CONSPIRATORS**

26    21.    Various other persons, firms, and corporations, the identities of which are presently

27    unknown, have participated as co-conspirators with Defendants in the violations alleged herein

28    and have performed acts and made statements in furtherance thereof.

22.    The acts charged in this Complaint have been done by Defendants and their co-conspirators, or were authorized, ordered or done by their respective officers, agents, employees or representatives while actively engaged in the management of each Defendant's business or affairs.

23.    Each of the Defendants named herein acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein.

### CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action on behalf of herself, the General Public, and on behalf of all others similarly situated. Plaintiff seeks to represent the following class initially defined as:

**All persons and entities residing in the United States who, from January 1, 1999 to the present, purchased Flash Memory in the United States indirectly from any of the Defendants for their own use and not for resale. Excluded from the Class are: governmental entities, any judge, justice or judicial officer presiding over this matter and the members of his or her immediate family, Defendants and their co-conspirators, along with their respective parents, subsidiaries and/or affiliates. Also excluded from this Class are the legal representatives, heirs, successors and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.**

25.    All Class members are hereinafter referred to as the "Class." Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

26.    This action has been brought and may properly be maintained as a class action, pursuant to the provisions of the Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the Class:

a.    Numerosity: Members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains thousands and perhaps tens of thousands of members. The precise number of Class members is unknown to Plaintiff. The true number of Class

Pg 6

members is likely to be known by Defendants, however, and thus, may be notified of the pendency of this action by published notice or other alternative means. Throughout the period of time covered by this Complaint, Defendants and their co-conspirators engaged in the business of marketing and selling Flash Memory throughout the United States.

      b.    Existence and Predominance of Common Questions of Fact and Law: Common questions of fact and law exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common factual and legal questions include:

      i.    whether Defendants formed and operated a combination or conspiracy to fix, raise, maintain or stabilize the prices of, or allocate the market for, Flash Memory;

      ii.    whether the combination or conspiracy caused Flash Memory prices to be higher than they would have been in the absence of Defendants' conduct;

      iii.    the operative time period of Defendants' combination or conspiracy;

      iv.    whether Defendants' conduct caused injury to the business or property of Plaintiff and the members of the Class;

      v.    the appropriate measure of the amount of damages suffered by the Class;

      vi.    whether Defendants' conduct violates Section 1 of the Sherman Act;

      vii.    whether Defendants' conduct violates Sections 16720 and 17200 of the California Business and Professions Code;

      viii.    whether Defendants' conduct violates the antitrust, unfair competition, and consumer protection laws of the other states as alleged below; and

      ix.    the appropriate nature of class-wide equitable relief.

      c.    Typicality: Plaintiff's claims are typical of the claims of the Class since Plaintiff indirectly purchased Flash Memory from one or more Defendants during the Class Period, as did each member of the Class. Furthermore, Plaintiff and all members of the Class sustained monetary injury arising out of Defendants' wrongful conduct.

1        d.   <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because her

2    interests do not conflict with the interests of the Class that she seeks to represent; she has

3    retained counsel competent and highly experienced in complex class action litigation; and

4    she intends to prosecute this action vigorously. The interests of the Class will be fairly and

5    adequately represented by Plaintiff and her counsel.

6        e.   <u>Superiority</u>: A class action is superior to other available means of fair and

7    efficient adjudication of the claims of Plaintiff and members of the Class. The injury

8    suffered by each individual Class member is relatively small in comparison to the burden

9    and expense of individual prosecution of the complex and extensive litigation necessitated

10    by Defendants' conduct. It would be virtually impossible for individual members of the

11    Class to effectively redress the wrongs done to them. Even if the members of the Class

12    could afford such individual litigation, the court system could not. Individualized

13    litigation presents a potential for inconsistent or contradictory judgments. Individualized

14    litigation increases the delay and expense to all parties, and to the court system, presented

15    by the complex legal and factual issues of the case. By contrast, the class action device

16    presents far fewer management difficulties, and provides the benefits of single

17    adjudication, economies of scale, and comprehensive supervision by a single court.

18    **NATURE OF TRADE AND COMMERCE**

19        27.   Flash Memory is a type of integrated circuit that can be electrically erased and

20    reprogrammed. Flash Memory is non-volatile, meaning that it does not need continuous power to

21    maintain the information stored on the chip. This makes Flash Memory distinct from SRAM and

22    DRAM because it does not need continuous power to store data. Consequently, Flash Memory

23    has a broader application than these other memory types.

24        28.   Flash Memory is used in a variety of applications, including memory cards, USB

25    storage devices, digital audio devices, mobile wireless technology, game consoles, and personal

26    computers.

27        29.   Flash Memory is a homogenous product sold by Defendants and purchased by

28    Plaintiff and members of the class primarily on the basis of price.

CLASS ACTION COMPLAINT

1    30.    Throughout the period of time covered by this Complaint, Defendants and their co-

2    conspirators engaged in the business of marketing and selling Flash Memory throughout the

3    United States. During the Class Period, total sales of Flash Memory were in the billions of

4    dollars.

5    31.    The market for the manufacture and sale of Flash Memory is conducive to the type

6    of collusive activity alleged here, as it is subject to high manufacturing and technological barriers

7    to entry. Efficient fabrication plants are large and expensive. Flash Memory is also subject to

8    technological advances, so that firms within the industry must undertake significant research and

9    development expenses.

10    32.    The Flash Memory market is oligopolistic in nature, with Samsung as the clear

11    market leader. Toshiba has the next largest share, with Hynix, Renesas, and Micron trailing

12    behind. These five manufacturers control over 96.5% of the Flash Memory market.

13    33.    Manufacturers of electronic products and devises, and resellers of Flash Memory

14    modules purchase Flash Memory directly or indirectly from Defendants. These electronic

15    products and devices and Flash Memory modules are then sold, directly or indirectly, to

16    consumers.

17    34.    Statements concerning the prices and market conditions for Flash Memory were

18    disseminated by Defendants from and into California on a regular and continuous basis.

19    California is the largest market n the world for Flash Memory and is the worldwide center of the

20    high technology industry, as well as other industries that depend on Flash Memory.

21    **DEFENDANTS' ILLEGAL CONDUCT**

22    35.    On information and belief, in October 2006, the Antitrust Division of the United

23    States Department of Justice ("DOJ") sent out subpoenas to numerous companies regarding an

24    investigation of cartel activity in the SRAM industry from approximately 1998 through at least

25    2005. Those companies being investigated include: Samsung, Hynix, Micron, Renesas and

26    Toshiba. Two of these companies, Hynix and Samsung, have already pled guilty to price-fixing in

27    the DRAM market and have paid substantial fines to the DOJ for that unlawful activity. Further,

28    Elpida Memory, Inc., a DRAM manufacturer created in part by Hitaachi, one of the Defendants

CLASS ACTION COMPLAINT

1    here, was fined $84 million. Micron, another major Flash Memory manufacturer, was the amnesty

2    applicant to the U.S. Department of Justice in the DRAM price-fixing investigation and therefore

3    avoided criminal charges and fines.

4        36.    On March 20, 2006, Hynix warned investors that the prices of NAND flash

5    memory could fall as much as 50% for the year. The next day, Samsung reassured the market that

6    prices would recover and stabilize. As of August 2006, prices reportedly stabilized, in part, as a

7    result of reduced stocks from manufacturers.

8        37.    Richard Gordon, an analyst at Gartner, Inc., noted the pervasiveness of cartel

9    activity in the overall semiconductor industry, stating, "If the DOJ wanted to, it could just go

10    down every line in the semiconductor industry and fine the same issue…That's because are a

11    relatively few number of suppliers in the chip industry and an open flow of communications

12    between competitors and customers, who may not define price fixing the same way the DOJ

13    does." *See* article, available at http//www.computerworld.com/action/article.do?command=

14    viewArticleBasic&taxonomyName=government&articleID=900556&taxonomyID=13&instrc=kc

15    _top>.

16        38.    Third party information sources, such as DRAMeXchange (available at

17    http://www.dramexchange.com) allow Defendants to contemporaneously track each other's Flash

18    Memory prices.

19        39.    Collusive behavior within the highly concentrated Flash Memory market is

20    facilitated by Defendants' membership in numerous trade organizations in the industry:

21        40.    All of Defendants are members of Joint Electron Device Engineering Council

22    ("JEDEC") Solid State Technology Association, a standard-setting group for solid-state

23    technologies, including Flash Memory.

24        41.    Also, Hynix and Micron are among the founding members of the Open Flash

25    Interface ("ONFI") group, whose purpose is to meet and discuss standards and production of

26    NAND Flash products. The ONFI has also been in contact with Samsung regarding joining the

27    group.

28

CLASS ACTION COMPLAINT

42.    Defendants and their co-conspirators have engaged in a contract, combination, trust or conspiracy, the effect of which was to raise the prices at which they sold Flash Memory to artificially inflated levels.

43.    Defendants, through their officers, directors and employees, effectuated this contract, combination, trust or conspiracy by, among other things:

a.    Participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of Flash Memory in the United States;

b.    Agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain prices of Flash Memory sold in the United States;

c.    Issuing price announcements and quotations in accordance with the agreements reached; and

d.    Selling Flash Memory to various customers in the United States at non-competitive prices.

44.    Defendants' contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly in the State of California. Therefore, all members of the Class, whether or not California residents, are entitled to recover under California law, as well as the laws of their own states.

45.    Defendants' collusive activity still continues and has had the effect of keeping prices at supracompetitive levels. While average Flash Memory prices began to decline at the end of 2001, Defendants' cartel operated to mitigate those declines so the prices remained at supracompetitive levels.

## ACTIVE CONCEALMENT

46.    Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their higher-level executives. Defendants and their co-conspirators publicly provided pre-textual and false justifications regarding their price increases. Defendants and their co-conspirators conducted

1  their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in

2  furtherance thereof, and actively concealed their activities through various other means and

3  methods to avoid detection.  Plaintiff did not discover, and could not have discovered through the

4  exercise of reasonable diligence, that Defendants and their co-conspirators were violating the

5  antitrust laws as alleged herein until shortly before this class action litigation was commenced.

6       47.    As a result of the active concealment of the conspiracy by Defendants and their co-

7  conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations

8  herein have been tolled.

9  **VIOLATIONS ALLEGED**

10 **First Claim for Relief**

11 **(For injunctive relief under Section 16 of the Clayton Act for Defendants'**

12 **Violation of Section 1 of the Sherman Act)**

13      48.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every

14 allegation set forth in the preceding paragraphs of this Complaint.

15      49.    Beginning at a time presently unknown to Plaintiff, but at least as early as January

16 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff,

17 Defendants and their co-conspirators entered into a continuing agreement, understanding, and

18 conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Flash

19 Memory in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

20      50.    The alleged acts, agreements, combinations and/or conspiracies have caused

21 artificially high prices for Flash Memory purchased by consumers who are members of the Class.

22 Plaintiff and the Class have suffered damages and face a threatened loss in violation of antitrust

23 law if injunctive relief is not obtained.

24      51.    To ensure Plaintiff and the Class are no longer harmed in the future by the

25 misconduct as alleged herein, Plaintiff seeks an injunction against Defendants, preventing and

26 restraining the violations alleged herein.

27

28

**SECOND CLAIM FOR RELIEF**

**(Violation of the California Cartwright Act)**

52.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

53.    Beginning at a time presently unknown to Plaintiff, but at least as early as November 30, 2002, and continuing through the present, Defendants and their co-conspirators entered into and engaged in an unlawful trust, combination, or conspiracy in restraint of the trade and commerce described above in violation of Section 16720, California Business and Professions Code.

54.    Defendants' unlawful contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly within the State of California, and Defendants' conduct within California injured all members of the Class throughout the United States. Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

55.    The aforesaid violations of Section 16720, California Business and Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of action among Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and to allocate markets for, Flash Memory.

56.    The unlawful trust alleged herein has had, inter alia, the following effects:

a.    price competition in the sale of Flash Memory has been restrained, suppressed and/or eliminated in the State of California and throughout the United States;

b.    prices for Flash Memory sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels in the State of California and throughout the United States; and

c.    those who purchased Flash Memory from and their co-conspirators have been deprived of the benefit of free and open competition.

57.    During the period covered by this Complaint, Plaintiff and members of the Class purchased Flash Memory. By reason of the alleged violations of the antitrust laws, Plaintiff and

Pg 13

1   the other members of the Class paid more for Flash Memory than they would have paid in the

2   absence of the illegal trust.  Plaintiff, on behalf of herself and all others similarly situated, has been

3   injured in her business and property as a result of Defendants' violations of California Business

4   and Professions Code § 16720, for which she seeks treble damages, including pre-judgment

5   interest and attorneys' fees, pursuant to §§ 16750(a) and 16761.

6                               **THIRD CLAIM FOR RELIEF**

7                    **(Violation of the California Unfair Competition Law)**

8          58.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every

9   allegation set forth in the preceding paragraphs of this Complaint.

10         59.    Defendants' business acts and practices were centered in, carried out, effectuated

11  and perfected mainly within the State of California, and Defendants' conduct within California

12  injured all members of the Class throughout the United States.  Therefore, this claim for relief

13  under California law is brought on behalf of all members of the Class, whether or not they are

14  California residents.

15         60.    Beginning on a date unknown to Plaintiff, but at least as early as November 30,

16  2002, and continuing thereafter at least up through the present, Defendants committed and

17  continue to commit acts of unfair competition, as defined by Sections 17200, *et seq.* of the

18  California Business and Professions Code, by engaging in the acts and practices specified above.

19         61.    This Claim is instituted pursuant to Sections 17203 and 17204 of the California

20  Business and Professions Code, to obtain restitution from these Defendants for acts, as alleged

21  herein, that violated Section 17200 of the California Business and Professions Code, commonly

22  known as the Unfair Competition Law.

23         62.    Defendants' conduct as alleged herein violated Section 17200.  The acts,

24  omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged herein,

25  constituted a common continuous and continuing course of conduct of unfair competition by

26  means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of

27  California Business and Professions Code, Section 17200, *et seq.*, including, but not limited to, the

28  following:

CLASS ACTION COMPLAINT

a.      The violations of Section 1 of the Sherman Act, as set forth above;

b.      The violations of Section 16720, *et seq.*, of the California Business and Professions Code, set above;

c.      Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, *et seq.* of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

d.      Defendants' act and practices are unfair to consumers of Flash Memory in the State of California and throughout the United States, within the meaning of Section 17200, California Business and Professions Code; and

e.      Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

63.      Plaintiff and each of the Class members are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices.

64.      The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

65.      The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and artificially-inflated prices for Flash Memory.  Plaintiff and the members of the class suffered injury in fact and lost money or property as a result of such unfair competition.

66.      The conduct of Defendants as alleged in this Complaint violates Section 17200 of the California Business and Professions Code.

67.      As alleged in this Complaint, Defendants and their co-conspirators have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition. Plaintiff and the members of the Class are accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which

1  may have been obtained by Defendants as a result of such business practices, pursuant to the

2  California Business and Professions Code, Sections 17203 and 17204.

3  **FOURTH CLAIM FOR RELIEF**

4  **(Violation of State Antitrust and Unfair Competition Laws)**

5     68.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every

6  allegation set forth in the preceding paragraphs of this Complaint.

7     69.     By reason of the foregoing, defendants have entered into agreements in restraint of

8  trade in violation of Alabama Code §8-10-1 *et seq.*

9     70.     By reason of the foregoing, defendants have entered into agreements in restraint of

10 trade in violation of Arizona Revised Stat. §44-1401 *et seq.*

11    71.     By reason of the foregoing, defendants have entered into agreements in restraint of

12 trade in violation of California Bus. & Prof. Code §16700 *et seq.* and Cal. Bus. & Prof. Code

13 §17200 *et seq.*

14    72.     By reason of the foregoing, defendants have entered into agreements in restraint of

15 trade in violation of District of Columbia Code Ann. §28-4502 *et seq.*

16    73.     By reason of the foregoing, defendants have entered into agreements in restraint of

17 trade in violation of Iowa Code §553.1 *et seq.*

18    74.     By reason of the foregoing, defendants have entered into agreements in restraint of

19 trade in violation of Kansas Stat. Ann. §50-101 *et seq.*

20    75.     By reason of the foregoing, defendants have entered into agreements in restraint of

21 trade in violation of Maine Rev. Stat. Ann. 10, §1101 *et seq.*

22    76.     By reason of the foregoing, defendants have entered into agreements in restraint of

23 trade in violation of Michigan Comp. Laws. Ann. §445.772 *et seq.*

24    77.     By reason of the foregoing, defendants have entered into agreements in restraint of

25 trade in violation of Minnesota Stat. §325D.51 *et seq.*

26    78.     By reason of the foregoing, defendants have entered into agreements in restraint of

27 trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

28

CLASS ACTION COMPLAINT

1    79.    By reason of the foregoing, defendants have entered into agreements in restraint of

2    trade in violation of Nebraska Rev. Stat. §59-801 *et seq.*

3    80.    By reason of the foregoing, defendants have entered into agreements in restraint of

4    trade in violation of Nevada Rev. Stat. Ann. §598A *et seq.*

5    81.    By reason of the foregoing, defendants have entered into agreements in restraint of

6    trade in violation of New Mexico Stat. Ann. §57-1-1 *et seq.*

7    82.    By reason of the foregoing, defendants have entered into agreements in restraint of

8    trade in violation of North Carolina Gen. Stat. §75-1 *et seq.*

9    83.    By reason of the foregoing, defendants have entered into agreements in restraint of

10   trade in violation of North Dakota Cent. Code §51-08.1-01 *et seq.*

11   84.    By reason of the foregoing, defendants have entered into agreements in restraint of

12   trade in violation of the Pennsylvania common law.

13   85.    By reason of the foregoing, defendants have entered into agreements in restraint of

14   trade in violation of South Dakota Codified Laws Ann. §37-1-3.1 *et seq.*

15   86.    By reason of the foregoing, defendants have entered into agreements in restraint of

16   trade in violation of Tennessee Code Ann. §47-25-101 *et seq.*

17   87.    By reason of the foregoing, defendants have entered into agreements in of trade in

18   violation of Vermont Stat. Ann. 9 §2453 *et seq.*

19   88.    By reason of the foregoing, defendants have entered into agreements in restraint of

20   trade in violation of West Virginia §47-18-1 *et seq.*

21   89.    By reason of the foregoing, defendants have entered into agreements in restraint of

22   trade in violation of Wisconsin Stat. §133.01 *et seq.*

23   90.    Class Members in each of the states listed above paid supra-competitive, inflated

24   prices for Flash Memory. As a direct and proximate result of Defendants' unlawful conduct, such

25   members of the Class have been injured in their business and property in that they paid more for

26   Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful

27   conduct.

28

### FIFTH CLAIM FOR RELIEF

**(Violation of State Consumer Protection and Antitrust Laws)**

91.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

92.    Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

93.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §45.50.471 *et seq.*

94.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 *et seq.*

95.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code § 17200 *et seq.*

96.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 *et seq.*

97.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 *et seq.*

98.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480-1 *et seq.*

99.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §48-601 *et seq.*

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. §50-623 *et seq.*

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. §207 *et seq.*

102.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code §30-14-101 *et seq.*

CLASS ACTION COMPLAINT

1    103.    Defendants have engaged in unfair competition or unfair or deceptive acts or

2 practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

3    104.    Defendants have engaged in unfair competition or unfair or deceptive acts or

4 practices in violation of New Mexico Stat. §57-12-1 *et seq.*

5    105.    Defendants have engaged in unfair competition or unfair or deceptive acts or

6 practices in violation of New York Gen. Bus. Law §349 *et seq.*

7    106.    Defendants have engaged in unfair competition or unfair or deceptive acts or

8 practices in violation of North Carolina Gen. Stat. §75-1.1 *et seq.*

9    107.    Defendants have engaged in unfair competition or unfair or deceptive acts or

10 practices in violation of Oregon Rev. Stat. §646.605 *et seq.*

11    108.    Defendants have engaged in unfair competition or unfair or deceptive acts or

12 violation of Rhode Island Gen. Laws. §6-13.1-1 *et seq.*

13    109.    Defendants have engaged in unfair competition or unfair or deceptive acts or

14 violation of South Carolina Code Laws §39-5-10 *et seq.*

15    110.    Defendants have engaged in unfair competition or unfair or deceptive acts or

16 violation of Utah Code §13-11-1 *et seq.*

17    111.    Defendants have engaged in unfair competition or unfair or deceptive acts or

18 violation of 9 Vermont §2453 *et seq.*

19    112.    Defendants have engaged in unfair competition or unfair or deceptive acts or

20 violation of West Virginia Code §46A-6-101 *et seq.*

21    113.    Defendants have engaged in unfair competition or unfair or deceptive acts or

22 violation of Wyoming Stat. §40-12-105.

23    114.    Class Members in the states listed above paid supra-competitive, artificially for

24 Flash Memory. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the

25 members of the Class have been injured in their business and property in that they paid more for

26 Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful

27 conduct.

28

CLASS ACTION COMPLAINT

1

<u>SIXTH CLAIM FOR RELIEF</u>

2

**(Unjust Enrichment and Disgorgement of Profits)**

3
       115.    Plaintiff incorporates and realleges, as though fully set forth herein, each and every

4
allegation set forth in the preceding paragraphs of this Complaint.

5
       116.    Defendants have been unjustly enriched through overpayments by Plaintiff and

6
Class members and the resulting profits.

7
       117.    Under common law principles of unjust enrichment, Defendants should not be

8
permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

9
       118.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and

10
establishment of a constructive trust from which Plaintiff and Class members may seek restitution.

11

**<u>PRAYER FOR RELIEF</u>**

12
WHEREFORE, Plaintiff prays:

13
       A.      That the Court determine that the Sherman Act, state antitrust law, and state

14
               consumer protection and/or unfair competition law claims alleged herein may be

15
               maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal

16
               Rules of Civil Procedure;

17
       B.      That the unlawful conduct, contract, conspiracy or combination alleged herein be

18
               adjudged and decreed to be:

19
               a.      A restraint of trade or commerce in violation of Section 1 of the Sherman

20
                       Act, as alleged in the First Claim for Relief;

21
               b.      An unlawful combination, trust, agreement, understanding, and/or concert

22
                       of action in violation of the state antitrust laws identified in the Second and

23
                       Fourth Claims for Relief herein;

24
               c.      Violations of the state consumer protection and unfair competition laws

25
                       identified in the Third and Fifth Claims for Relief herein; and

26
               d.      Acts of unjust enrichment as set forth in the Sixth Claim for Relief herein.

27
       C.      That Plaintiff and the Class recover damages, as provided by federal and state

28
               antitrust laws, and that a joint and several judgment in favor of Plaintiff and the

CLASS ACTION COMPLAINT

1  Class be entered against the Defendants in an amount to be trebled in accordance

2  with such laws;

3  D.  That Defendants, their affiliates, successors, transferees, assignees, and the officers,

4  directors, partners, agents, and employees thereof, and all other persons acting or

5  claiming to act on their behalf, be permanently enjoined and restrained from in any

6  manner:

7  1.  continuing, maintaining, or renewing the conduct, contract, conspiracy or

8  combination alleged herein, or from entering into any other conspiracy

9  alleged herein, or from entering into any other contract, conspiracy or

10  combination having a similar purpose or effect, and from adopting or

11  following any practice, plan, program, or device having a similar purpose

12  effect; and

13  2.  communicating or causing to be communicated to any other person engaged

14  in the sale of Flash Memory, information concerning bids of competitors;

15  E.  That Plaintiff be awarded restitution, including disgorgement of profits obtained by

16  Defendants as a result of their acts of unfair competition and acts of unjust

17  enrichment;

18  F.  That Plaintiff and members of the Class be awarded pre- and post-judgment

19  interest, and that that interest be awarded at the highest legal rate from and after the

20  date of service of the initial complaint in this action;

21  G.  That Plaintiff and members of the Class recover their costs of this suit, including

22  reasonable attorneys' fees as provided by law; and

23  H.  That Plaintiff and members of the Class have such other, further, and different

24  relief as the case may require and the Court may deem just and proper under the

25  circumstances.

26

27

28

CLASS ACTION COMPLAINT

1

<u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff, on behalf of herself, the members of the Class and the general public,

3

hereby demand trial by jury on all issues so triable.

4

5

DATED: 4-24-07

Respectfully submitted,

6

*Christine P. Bartholomew/RMR*

7

CHRISTINE PEDIGO BARTHOLOMEW

8

FINKELSTEIN THOMPSON LLP

9

601 Montgomery Street, Suite 665
San Francisco, CA 94111
Telephone: 415.398.8700

10

Facsimile: 415.398.8704

11

- and -

12

Marvin A. Miller

13

MILLER LAW LLC
101 North Wacker Drive
Suite 2010

14

(312) 525-8316

15

Shpetim Ademi

16

ADEMI & O'REILLY, LLP
3620 E. Layton Avenue
Cudahy, WI 53110

17

(414) 482-8000

18

*Counsel for Plaintiff and the Putative Class*

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT